UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                    Chapter 7

LEONID CHATKHAN,                                          Case No. 10-46775-CEC

                Debtor.
-----------------------------------------------------------X

## DECISION

APPEARANCES:

| | |
|---|---|
| Wayne M. Greenwald, Esq. | Robert L. Geltzer, Esq. |
| Wayne Greenwald, PC | The Law Offices of Robert L. Geltzer |
| 475 Park Avenue South, 26th Floor | 1556 Third Avenue, Suite 505 |
| New York, New York 10016 | New York, New York 10128 |
| | |
| Counsel for the Debtor | Chapter 7 Trustee |
| | |
| Robert A. Wolf, Esq. | Jonathan Bodner, Esq. |
| Andrea Fisher, Esq. | Neiger, LLP |
| Squire, Sanders & Dempsey, L.L.P. | 317 Madison Avenue, 21st Floor |
| 30 Rockefeller Plaza | New York, New York 10017 |
| New York, New York 10112 | |
| | Counsel to Bill Stathakos |
| Special Litigation and Real Estate Counsel to | |
| Robert L. Geltzer, as Chapter 7 Trustee | |

CARLA E. CRAIG
Chief United States Bankruptcy Judge

Before the court is the motion of Bill Stathakos ("Mr. Stathakos"), pursuant to Rules 4004(b) and 4007(c) of the Bankruptcy Rules[1], seeking an extension of time to object to the debtor's discharge and to the dischargeability of a debt pursuant to § 523 and §727 (the "Extension Motion"). The Extension Motion is denied because Mr. Stathakos failed to diligently pursue discovery or to take any steps to seek the denial of the debtor's discharge, or to seek a determination of nondischargeability with respect to his claim against the debtor, prior to the deadline to object to discharge or dischargeability, and because no justification has been offered for this delay nor any reason why his objections to discharge and dischargeability could not have been asserted prior to the deadline provided by the Bankruptcy Rules.

## Jurisdiction

This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 157(b)(2)(I), 157(b)(2)(J) and 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1986. This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Bankruptcy Rule 7052.

## Facts

The following facts are undisputed.

On July 19, 2010, Leonid Chatkhan (the "Debtor") filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

On October 20, 2010, upon the motion of the United States Trustee, this case was converted to a case under chapter 7. Robert L. Geltzer (the "Chapter 7 Trustee") was appointed the chapter 7 trustee of the Debtor's estate.

---

[1] Unless otherwise indicated, statutory citations are to Title 11, U.S.C., and citations to "Bankruptcy Rules" are to the Federal Rules of Bankruptcy Procedure.

The first meeting of creditors pursuant to § 341 was scheduled for November 10, 2010 (the "341 Meeting"). Pursuant to Bankruptcy Rules 4004(a) and 4007(c), January 9, 2011 was set as the date by which a complaint pursuant to § 727 objecting to the Debtor's discharge, or a complaint pursuant to § 523 objecting to the dischargeability of a debt, must be filed.

On December 31, 2010, Mr. Stathakos filed a proof of claim against the Debtor's estate in the amount of $6,000,000.00, of which $1,300,000.00 is alleged to be a secured claim.

On January 9, 2011, Mr. Stathakos filed the Extension Motion, seeking to extend the time to object to the Debtor's discharge under § 727, and to object to the dischargeability of debt owed to him under § 523.

On January 17, 2011, Mr. Stathakos filed a complaint for declaratory judgment against the Chapter 7 Trustee to determine his rights in certain assets of the estate.

## Legal Standard

Pursuant to Bankruptcy Rules 4004(a) and 4007(c), objections to a chapter 7 debtor's discharge under § 727, or the dischargeability of a debt under § 523, must be filed not later than 60 days following the first date set for the meeting of creditors under § 341. See Fed. R. Bankr. P. 4004(a) and 4007(c). In general, "the [Bankruptcy] Rules' deadlines are to be interpreted strictly and in a manner consistent with the [Bankruptcy] Code's policies in favor of providing a fresh start for the debtor and prompt administration of the case." Dombroff v. Greene (In re Dombroff), 192 B.R. 615, 621 (Bankr. S.D.N.Y. 1996) (citing Taylor v. Freeland & Kronz, 938 F.2d 420 (3d Cir. 1991), aff'd, 503 U.S. 638(1992)). See also In re Grillo, 212 B.R. 744, 746 (Bankr. E.D.N.Y. 1997). The legal standard for evaluating a request for an extension of time to file a complaint to object to the debtor's discharge under Rule 4004(b), and to file a complaint to determine the dischargeability of a debt under Rule 4007(c), is the same. In re Morris, No. 10-

60113, 2010 Bankr. LEXIS 1875, at *2 (Bankr. N.D.N.Y. May 27, 2010). Both deadlines can be extended by the court for cause. See Fed. R. Bankr. P. 4004(b) and 4007(c).

The determination whether cause exists to extend the deadlines set by Bankruptcy Rules 4004(b) and 4007(c) rests within the court's discretion. In re Nowinski, 291 B.R. 302, 305 (Bankr.S.D.N.Y. 2003). The following factors should be considered in evaluating a request for an extension: "(1) whether the creditor has received sufficient notice of the deadline and the information to file an objection; (2) the complexity of the case; (3) whether the creditor has exercised diligence; (4) whether the debtor has refused in bad faith to cooperate with the creditor; and (5) the possibility that proceedings pending in another forum will result in collateral estoppel of the relevant issues." In re Bressler, No. 06-11897, 2007 Bankr. LEXIS 93, at *3 (Bankr. S.D.N.Y. Jan. 12, 2007) (citing In re Nowinski, 291 B.R. 302, 305 (Bankr. S.D.N.Y. 2003) (citations omitted)). These factors provide an analytical framework, and are not exclusive. In re Bressler, 2007 Bankr. LEXIS 9, at *4.

## Discussion

Mr. Stathakos advances five arguments in support of the Extension Motion. First, he maintains that cause exists because his claims against the Debtor involve allegations of fraud and/or material misrepresentations. These allegations, if proven, may be grounds to deny a discharge under § 523(a)(2)(A) or § 523(a)(2)(B), or dischargeability of a debt under § 727(a)(4). However, they are not cause to grant an extension of time to object to discharge or dischargeability. No argument has been advanced that any alleged fraud or material misrepresentation impeded Mr. Stathakos from pursuing his rights, requesting discovery, or filing a complaint to object to discharge or dischargeability.

Second, Mr. Stathakos argues that the Debtor failed to cooperate throughout the bankruptcy process by failing to file operating reports and failing to turn over funds. Here, Mr. Stathakos points to Debtor's failure to comply with the requirements of the Bankruptcy Code and the Bankruptcy Rules, which resulted in the conversion of this case to chapter 7. However, to justify an extension of time to object to discharge or dischargeability, a creditor must demonstrate that "the debtor has refused in *bad faith to cooperate with the creditor*." In re Bressler, 2007 Bankr. LEXIS 93, at *11 (emphasis added). Mr. Stathakos has not proffered evidence that the Debtor refused in bad faith to cooperate with him during the pendency of this case, nor does the record show that Mr. Stathakos sought any form of discovery from the Debtor with which the Debtor failed to cooperate. Therefore, this factor does not provide cause for an extension of time to object to discharge or dischargeability.

Third, Mr. Stathakos argues that he has exercised diligence throughout this case. The only support offered by Mr. Stathakos for this assertion is that his counsel appeared at the 341 Meeting and questioned the Debtor.

"The majority view is that there can be no cause justifying an extension of time to object to discharge where the party seeking the extension failed to diligently pursue discovery prior to expiration of the deadline." In re Grillo, 212 B.R. 744, 747 (Bankr. E.D.N.Y. 1997) (denying extension where creditor waited until five days prior to expiration of the deadline to file a Rule 2004 motion). See also In re Farhid, 171 B.R. 94, 97 (N.D. Cal. 1994) (denying extension where creditor failed to attend section 341 meeting of creditors or request any Rule 2004 examination); In re Mendelsohn, 202 B.R. 831, 832 (Bankr. S.D.N.Y. 1996) (denying extension where creditor failed to seek a Rule 2004 examination and moved for an extension of time on last day to file objections to discharge); In re Leary, 185 B.R. 405, 406 (Bankr. D. Mass. 1995) (denying

extension where creditor waited until ten days prior to expiration of the deadline to pursue requested Rule 2004 examinations); In re Dekelata, 149 B.R. 115, 117 (Bankr. E.D. Mich. 1993) (denying extension where request for Rule 2004 examination was made for the first time 11 days prior to expiration of the deadline).

    Mr. Stathakos has had notice of this case at least since August 10, 2010, when he filed a letter pro se with the court. Since then, he retained counsel, who attended the 341 Meeting on November 10, 2010 and was made aware of the January 9, 2011 deadline to object to discharge or dischargeability. Mr. Stathakos waited until December 31, 2010, only 10 days prior to the deadline, to file his proof of claim, and January 9, 2011, the day of the deadline, to file his Extension Motion. Aside from filing his proof of claim and the Extension Motion, there is no indication that Mr. Stathakos took any action during the 60 day period after the 341 Meeting.

    Mr. Stathakos contends that he should receive an extension of time to object to discharge or dischargeability pending the resolution of an adversary proceeding he commenced against the Chapter 7 Trustee on January 17, 2011, seeking a declaratory judgment regarding his interest in the estate. One of the factors for the court to consider in determining whether to exercise its discretion to extend the deadline to object to discharge or dischargeability is "the possibility that proceeding in another forum will result in collateral estoppel of the relevant issue." Nowinski, 291 B.R. at 305. Thus, courts have granted an extension under Bankruptcy Rules 4004(b) and 4007(c) where the resolution of pending litigation could be determinative of the creditor's objection to discharge or dischargeability. See, e.g., In re Morris, 2010 Bankr. LEXIS 1875 (Bankr. N.D.N.Y. 2010); In re Weinstein, 234 B.R. 862 (Bankr. E.D.N.Y. 1999) (granting extension pending decision in securities fraud arbitration).

In Morris, the court found cause to grant an extension where the creditor had brought an action in state court prior to the commencement of the bankruptcy case seeking to hold the debtor liable for diversion of trust funds under the New York Lien Law. 2010 Bankr. LEXIS 1875 at *7. The court noted that the state court's determination of the debtor's liability for diversion of Lien Law trust funds could be determinative of the dischargeability of his debt to the creditor. Id. The court also observed that the creditor had diligently pursued discovery in the pending dispute. Id.

This case differs from Morris in several respects. In Morris, the creditor commenced a state court action against the debtor prior to the commencement of the bankruptcy proceeding and pursued discovery in that action. In this case, Mr. Stathakos filed his complaint against the Chapter 7 Trustee on January 17, 2011, eight days after the deadline to object to discharge or dischargeability, and sought no discovery whatsoever from the Debtor or any other party prior to the deadline.

Further, the outcome of Mr. Stathakos's adversary proceeding against the Chapter 7 Trustee will not determine whether any obligation of the Debtor to Mr. Stathakos is nondischargeable, or whether the Debtor should be denied a discharge. In that proceeding, Mr. Stathakos seeks a determination that he is a "special partner" holding a 50% ownership interest in certain assets of the estate. Mr. Stathakos provides no explanation why the outcome of this action would be relevant to the debtor's entitlement to receive a discharge. See §727(a) (setting forth grounds for denial of discharge).

Although Mr. Stathakos does not articulate a theory under which his claim against the debtor would be non-dischargeable, it appears, based upon correspondence attached to his motion, that he may contemplate asserting a claim that the debtor induced him to advance money

based upon false pretenses, a false representation, or actual fraud. See §523(a)(2)(A). Here, too, however, the outcome of his action against the Chapter 7 Trustee would not be determinative of such a claim. Even if Mr. Stathakos is found not to be a "special partner" of the debtor, such a result does not necessarily lead to the conclusion that he was defrauded. Any claim against the debtor under §523(a)(2) would require proof of fraudulent conduct by the debtor, who is not a party to Mr. Stathakos's adversary proceeding against the Chapter 7 Trustee. Accordingly, no determinations made in Mr. Statakos's adversary proceeding will be entitled to preclusive effect against the Debtor. See Swiatkowski v. Citibank, 745 F. Supp.2d 150, 168 (E.D.N.Y. 2010) (for collateral estoppel to apply, the party to be precluded must have had a full and fair opportunity to litigate the issue).

Mr. Stathakos argues generally that this is a complex case where his position and status is in dispute, though he does not explain how this complexity has prevented him from objecting to the Debtor's discharge or the dischargeability of his debt prior to the deadline. Moreover, even in a complicated case, if a creditor fails to diligently pursue discovery prior to expiration of the deadline, there is no cause justifying an extension of time to object to discharge. In re Grillo, 212 B.R. at 747.

At the hearing on the February 10, 2011, counsel to Mr. Stathakos stated that, "Mr. Stathakos has not decided whether to pursue the long and costly road of litigating the dischargeability and collection of the debts owed." (Tr. at 77). An extension is not warranted merely because the creditor has not decided whether or not to pursue his rights. See Dombroff v. Greene (In re Dombroff), 192 B.R. 615 (Bankr. S.D.N.Y. 1996) (deadlines are to be interpreted strictly).

## Conclusion

For the foregoing reasons, the Extension Motion is denied. A separate order will be issued.

**Dated: Brooklyn, New York**
**August 12, 2011**



_____
**Carla E. Craig**
**United States Bankruptcy Judge**